thank you may please the court Craig Weinerman appearing for Anthony Glasgow the defendant appellant okay and if you could keep your voice up thank you judge I'm sorry that's okay this case is about the punishment not fitting the crime in this case mr. Glasgow was tried before a jury and acquitted of the offense of possession with intent to distribute cocaine base he was found guilty of the lesser included offense of possession of more than five grams of cocaine base on this record the government has not met its heavy burden of proving that the Apprendi era in this case was under Chapman harmless beyond a reasonable doubt and having failed to meet their burden approving harmlessness beyond a reasonable doubt the maximum sentence in this case is one year and mr. Glasgow who as of today has served approximately four times the maximum sentence should be released from custody immediately our second argument in the alternative is if the court finds that the government did meet their burden of harmlessness beyond a reasonable doubt the sentence in this case of 77 months for simple possession of cocaine base was procedurally unreasonable because the sentencing judge did not address the mandatory minimum is that right as to that well I'll for the purposes of answering your question I'll say yes so that you're arguing about 17 months I am arguing about 17 months although I think an argument can be made that once the government moved for a three-level downward departure for substantial assistance that enabled the district judge to go below the five-year mandatory minimum but at this stage of the game with mr. Glasgow having served 50 months I'm not sure that that it's so he served how many months now he served as of today approximately 50 months 50 months in custody in this case and and it is our position that under the Supreme Court cases of Rita Kimbrough and under this courts on bonk decision and Cardi when a compelling and non-frivolous argument is made that is connected to section 3553 a the judge must explain must address and must explain more importantly why it's rejecting those arguments and in this case this is not a typical case this is not a usual case this is unusual case because the sentencing commission itself has said that the guidelines for crack cocaine offenses do not reflect section 3553 a considerations sentencing mission has said that approximately four times in four different reports to Congress most recent being last year and that was the first time it was accepted actually was rejected by Congress on earlier occasions right well Congress declined has and continues to decline although I as I indicated in my reply brief there are numerous proposals the sentencing commission has explicitly said to Congress repeal the mandatory minimum sentence for simple possession of cocaine based they they've said that and even under the amended advisory guidelines for crack cocaine offenses and the sentencing commission lowered the base offense level by two levels and that's the that's the guidelines that were used to sentence Mr. Glasgow the last time around in February of this year those sentences are still two to five times longer than sentences for people who possess distribute traffic powder cocaine and again I in this case Mr. Glasgow was acquitted of distribution and yet when we came for sentencing and we made the arguments we made the jury acquittal argument we made the the argument of the disparity and by the way the disparity from Mr. Glasgow at his offense level is 80 to one not much better than the hundred to one ratio that existed before the guidelines were made Mr. Glasgow did not in any way shape or form address those arguments did not acknowledge that the arguments have been made and most important and we think contrary to Kimbrough and to Rita and to Cardi did not explain why it was rejecting those arguments it simply Mr. Court simply said that he had considered the amended guideline range that he considered the section 3553a factors without saying which one did not say anything about our arguments and imposed the in essence the same sentence he imposed the first time the first time he imposed the 92 month sentence which was based on a offense level of 26 and the second time around the sentencing commission had lowered the offense level to 24 and he imposed a low end sentence of 77 months so the same sentence other than taking into account that the sentencing commission had lowered the guidelines by two levels the only reason given by the district judge after reciting that he considered the 3553 was continued possession of firearms so he gave a reason but he did not discuss difference between crack cocaine and other forms of cocaine that's correct judge and as I pointed out in my brief we find that we find that confounding because at the first sentencing the government asked the district judge to increase Mr. Glasgow's sentence by two levels for possession of the weapons and he said no too tenuous the guns apparently were found at Mr. Glasgow's home the controlled substances were found in his business and correctly the district judge said it's too tenuous you don't get the increased sentence so at the second sentence but that was an argument I may be wrong but that was an argument about possession of in connection with is a pretty standard here he's just talking about possession without in connection with is that a difference well excuse me I wanted to check with the the judge said I'm particularly concerned about defendants continued possession of firearms it seems to me the context of that is this case as opposed to some generic in this case well no I mean there is judge Fletcher makes a point here right I mean there's quite a difference between your continued possession and in connection with the offense but the guidelines say the application note says apply the increase unless it's clearly improbable that the firearms had nothing to do with the offense it's an extremely the burden is on us to show it's clearly improbable that the firearms had nothing to do with the offense and that's exactly what the district judge did at the first sentencing he said it's clearly improbable it's too tenuous that there's any connection between the firearms and Mr. Glasgow. But then why can't he take it that's fine but why can't he take it into consideration in imposing the sentence as to what an over what a reasonable sentence would be under all the circumstances I mean why isn't it why isn't it a factor just like any other factor that can be that can be taken into consideration whether it be. I'm not saying he can't I can't say that and he could I'm just pointing out that. But that's what he does say. That it's inconsistent to say it had nothing to do with the offense and then say I'm not going to give you a variant sentence because you possess firearms which I have previously found had nothing to do with the offense but you know be that as it may the contention at least as far as the procedural unreasonable argument is notwithstanding this very terse very cursory explanation Rita and Cardi required the district judge to address our arguments about the disparity and about the jury acquittal and explain why in this case he was rejecting those arguments. I'd like to not give up on the first issue though. The harmlessness beyond reasonable doubt because that obviously is the fastest route to you know where Mr. Glasgow would like to go. This Court's decision in house where you adopted language I believe from the Second Circuit that while all crack is cocaine based not all cocaine based is crack it seems that from this record the questions asked of the expert witness in this case and the interchangeable use of the terms cocaine, cocaine based, crack, rock by all the different witnesses is not under this heavy burden of harmlessness beyond reasonable doubt. It's different than the cases that the government decided in their brief in the Seventh Circuit case of Padilla which are all decided under clear error standards. And in this case we have someone who went to trial, was acquitted of an offense and in finding Mr. Glasgow not guilty it seems to me that the jury rejected much of the testimony of these agents in finding that there was no distribution in this case. I have 40 seconds. I'd like to reserve the little time I have. Thank you. Good morning. May it please the Court. Adrian Brown for the government from the United States Attorney's Office. Your Honors, all the issues in this case stem from that one day jury trial back in March of 2004. And at the end of that jury trial there was no doubt that the substance that this jury found the defendant guilty of possessing was necessarily crack cocaine. Now at the time it was charged as cocaine based and that was the standard practice at that time because the Court didn't have Hollis before it. And now we have Hollis and we can see that that was error not to charge it as crack. But it was harmless error because of this overwhelming and uncontradicted evidence by the government witnesses and by the defense-owned witness, Ms. Talita Williams. All the witnesses described this in essence crack cocaine. Now to respond to my opposing counsel's argument about there being interchangeable terms, all those terms are accurate descriptors. Hollis talks about how crack cocaine is described as appropriately as rock cocaine because that is what users smoke. It is a more potent, more addictive form. The Kimbrough cites to a sentencing guidelines commission that talks about how crack cocaine is a result of dissolving the powder cocaine and baking soda. Sorry. Is there evidence in the record that shows the drugs were admitted into evidence? The drugs were admitted into evidence. Okay. Those drugs, that's crack? Yes, Your Honor. Okay. Detective Myers and Officer McCormick and Ms. Heather Campbell were the three government witnesses. So we don't even need the photographs. I mean, counsel's objected to certain photographs, proceedings, so forth. We can take all those out. The photograph was submitted to show the Court what the jury saw. Certainly the Court can disregard that photograph now that we know that the drugs are there. We simply wanted to be able to show the Court what the judge and the jury saw, which was the actual crack cocaine, the little chunk of rocks that Detective Myers, Officer McCormick, and Ms. Heather Campbell all testified to because we are in a de novo. Now, what about the sentencing? Can you get to the sentencing? Okay. So to move on to sentencing, Your Honor, this case, there was no procedural error. There was no substantive unreasonableness in the Court's sentencing. But I look really hard at the sentencing done by the district judge, and the only thing I can find that goes to the 3553 factors is this one-sentence reference, to continue possession of firearms. Is that enough when, in fact, an argument has been made to him that these guidelines really are not properly reflective because of the difference in treatment of crack cocaine. He sentences within the guidelines. He sentences at 77 months, which is at the lower end of the range that he's calculated, without any comment whatsoever about the possibility that these guidelines may be wrong, or at least need some explanation as to why they should be applied to crack cocaine. And to answer your question, Your Honor, the short answer is yes, it was enough, and here's why. The first point is to take the judge's entire quote. This is at ER 48-49. He says, I've considered the advisory guideline range as set forth in the pre-sentence report and the 3553A factors. I'm particularly concerned about the defendant's continued possession of firearms, which was established in this case, and his prior history in that regard. And that is very important, that last point, and his prior history, because it wasn't just the continued possession of firearms in this case, it was also his history, which this- Wait, wait, wait, wait, wait a minute. Yes, Your Honor. Continued possession of firearms, which was established in this case, and his prior history in that regard. He's referring to the firearms. The firearms and his prior history, which is, this defendant has a criminal history category 6. He has prior convictions for possession, unlawful possession of firearms. He has a robbery 2 conviction, which is essentially a- But that's not addressing the disparity issue. Well, and I was going to get to that point, certainly, and I will right now. And that is that regarding the disparity issue, because this was a low-end guideline sentence, 77 months, and the mandatory minimum, as Judge Breyer pointed out, was 60 months in this case, we're talking about a 17-month difference. So this- The more we realize, now thinking about that, if, in fact, substantial assistance is granted, that, doesn't that eliminate the mandatory minimum? It did not in this case, Your Honor, because the government limited it to three levels of substantial assistance. So that three levels took it down to that 77 months. Oh, so it's your view. That's it. It's the government's view that the, by granting substantial assistance, by a 5K1 departure, the court is bound by the characterization of the government as to how many levels to grant substantial assistance. That's correct. Absent a finding by the court that the government's 5K1 departure level is unreasonable. Is that the government's view? Given that we asked for three levels, that three levels took it to 77 months, had we asked for more- They always come in. They always say, look, it's a 5K1 departure. We recommend X, Y, and Z. Okay? But I never understood that, that the court is bound by that, and that in the event that, this is really interesting, in the event that the court, nice to find out, in the court, in a 5K1 departure, the court cannot, under the law, go under a mandatory minimum unless the government exceeds that the 5K1 departure warrants a lower guideline level than that which the mandatory minimum requires? That's the policy of the government? That's correct, Your Honor. Okay. Certainly, if the three levels would have gone and taken it underneath the mandatory minimum, then we would have- Is there a case that says that? I do not have a case- I've never read one. I just wonder if you know of one. Is there a case that says that? I don't have a case. I believe that under the guidelines, and under 3553A, that's where it talks about going underneath the mandatory minimum, at the government's, on the government's motion. And in this case, we did, we submitted our motion for 5K for three levels. No, I know what you did. I'm just trying to figure out whether that's, that's it. In other words, mandatory minimums are still there. I understand they're still there. But I thought when there's a 5K1 departure, that takes that off the table. But you're saying it doesn't? It doesn't. Unless it's lower than the- Unless it's already taken into consideration. So it's the government's. Right. And we take that by, I do not have a case in front of it, but by statute, we did not move to go underneath the mandatory minimum. Got it. So that's our position. But I would like to get back to Your Honor's question about the, to respond to the disparate treatment concern, because we do not believe that's present here. Given this Court's long history with this defendant, this judge was the trial judge judge, was the sentencing judge, was the judge at the reconsideration of sentencing and at resentencing. So this judge has spent an inordinate amount of time with this case, with the facts of this case. During this resentencing, the judge heard arguments from both sides, took writings, briefings from both sides, thanked each counsel for their arguments. And prior to, prior to talking about what he was going to sentence, he said that there were some issues that needed the Court's decision, and that's at ER 47. Cardi and Rita and Kimbrough all talk about deference to this Court. Cardi talks about giving a substantial deference to the judge, to the sentencing judge. And, in fact, in Cardi, there wasn't even mention of the 3553A factors. And this is consistent as well with Perez-Perez, where the defendant's extensive criminal history and the need for deterrence was used. Yeah, but my problem with this argument is that crack cocaine is a very specific problem. This is not just a generic sentencing where, you know, under Cardi, we're pretty lenient in terms of what the judge actually has to say. This is a, there's a different, there's something else going on here. Did it occur, were you trial counsel? I was not trial counsel, Your Honor. I'm wondering whether it would have occurred to the government, having heard this very briefly, so briefly, and not mentioning what seems to have been the principal argument on sentencing on the defendant's side, to have asked the district judge, could you please explain on the record your reaction to this being a crack cocaine sentence and crack cocaine guideline? I mean, that would have saved us all a lot of trouble. Certainly, and as in Rita, the judge could have said more. But the judge was not required to, because under Cardi, the substantial deference standard within the guideline range, it's the, the quantum of evidence was much, was much lower, the quantum of the, I'm sorry, the opinion was much, a much lower standard because it was within a guideline range. We know. When the court said the firearms gave him some concern, that was a factor. He said the firearms and his prior histories, prior history I guess is his criminal history, but may not be, may be greater than his criminal history. Okay. Take, take the fire, the, the firearm. He says the, the, as I read the quote, it says, defendant's continued possession of firearms which was established in this case. Is he saying, is the court saying the evidence of the firearm with respect to this case, or is he saying the evidence of, of, of the defendant's association with firearms in his history? I, I, it's unclear from what I see. Excuse me. No, that's fine. I do think it's both. And, and I think that that's why he said and his prior history in this regard, because he said he's particularly concerned about his continued possession of firearms, which was this case, and his prior history in that regards. And that's what we get back to in showing that the judge is allowed to assume that, I'm sorry, this Court is allowed to assume that the judge knows the law and has considered the party's arguments. That's a rebuttable assumption. And, and that's, well, that is taken, that is, it is given by this, by this Court and, and the party's en banc decision that we can assume that the judge knows. Well, wait a minute. I mean, yes, there's deference, but there's not, deference isn't abdication. So, I mean, to, to have a boilerplate, I've considered the factors and not addressing a specific argument made, which is a well-known national debate that the Sentencing Commission, who we've all talked about, has taken up. It's, we don't know what Judge Hogan was thinking about the disparity argument. Well, we know by inference, and we are allowed to, this Court is allowed to assume that the judge listened to the arguments and took them into consideration. Are we, yeah, we know all that. Okay. So at the end of the day, when this judge sentenced to the low end, the low end guidelines, the only other sentence he could have done would have been a departure. The low end of the crack guidelines. The low end, the low end of the crack guidelines, yes. And we believe that there's. And he doesn't explain why crack guidelines are continuing to be appropriate. I mean, that's, because that was the argument of the defendant was, let's listen, they're not appropriate. Well, and if I, if I may, Your Honor, answer your question. I am over my time. To answer your question, this was a 60-month mandatory minimum. That is by statute. That goes back to not just the guidelines, but to 21 U.S.C. 844, which talks about the 60-month mandatory minimum, which is the offense that this gentleman was convicted of. And so because we have a low end guideline sentence, and the only way for the judge to have gone below that would have been to depart, we know he rejected the defendant's arguments for departure based on this criminal history category 6 and this defendant's prior history of firearms. That was what concerned the judge. Okay. Thank you. Thank you, Your Honor. Mr. Weinerman, a minute? Thank you, Judge. I appreciate that. I think, Judge Barr, you asked, did the witness identify the substance as crack cocaine? And I would say the witnesses referred to it as crack cocaine, but they were never asked any questions. Crack versus cocaine-based, different. That's the whole question. An objection could be raised. I mean, that's what trial counsel does. The witness says it's crack cocaine. The attorney gets up and objects and says it's speculative or this person's not an expert and so forth. Anyway, I know that. Be that as it may. And I think, Judge Flester, if I could finish, with all respect, the sentence you asked, low end of the crack guidelines. And I would also add to that, he was sentenced to the low end for the crack guidelines for trafficking, not for the offense that he was convicted of possession. He was acquitted of trafficking. And the other argument we made to the district court, which we also feel the judge should have explained why he rejected it, is how does that reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense as 3553A2 requires the court to consider when you're giving him the exact same sentence as if he had been convicted of the very offense he was acquitted of. Okay. Thank you very much. Thank both sides for a useful argument. United States versus Glasgow is now submitted for decision. We will now take a ten-minute break, and upon return we will deal with the remaining three cases on the argument calendar.
judges: Fletcher, Fisher, Breyer